# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:14 cr 07

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| KEITH ALAN FRANKLIN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#21) and an Addendum Violation Report (#37) alleging that Defendant had violated terms and conditions of his presentence release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Attorney Richard E. Cassady, and the Government was present through Assistant United States Attorney, Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted he had tested positive for use of alcohol on October 18, 2014. The Violation Report and the Addendum to Violation Report were introduced into evidence by the Government without objection. Testimony was presented on behalf

of Defendant through Mark D. Corbin, United States Probation Officer.

Defendant was charged in a bill of indictment (#1) that while being an employee of a gambling establishment of an Indian Tribe approved by the National Indian Gaming Commission, Defendant had taken money belonging to the gambling establishment having a value in excess of $1,000., in violation of 18 U.S.C. § 1168(b). After the arrest of Defendant, Defendant was released on terms and conditions of pretrial release. In those conditions of release, there was included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(o) Defendant must refrain from any use of alcohol.

(8)(u) Defendant must report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

On October 18, 2014 Defendant was charged in Haywood County with the offense of driving while impaired. At that time, Defendant had a blood alcohol concentration of .12. Defendant did not report to his probation officer the charge of driving while impaired. Thereafter, on April 21, 2015, Defendant was charged with

driving while license revoked, operating a motor vehicle on a street or highway without having in full force and effect liability insurance and improper registration. Defendant did not advise his probation officer of those charges.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>	(1)	finds that there is----
>	(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>	(B) clear and convincing evidence that the person has violated any other condition of release; and
>	(2)	finds that ---
>	(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>	(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds there is probable cause to believe that Defendant has violated state criminal law while on release. After Defendant has been charged with driving while impaired on October 18, 2014, he thereafter appeared before this Court on October 22, 2014 and entered a plea of

guilty. It further appears that Defendant has violated state law by committing the offense of driving while license revoked and operating a vehicle without liability insurance and improper registration on April 21, 2015.

There has further been shown by clear and convincing evidence that Defendant violated the term and condition of his release that required him to refrain from any use of alcohol. When charged with driving while impaired, Defendant was found to have a .12 alcohol concentration. There also has been shown by clear and convincing evidence that Defendant failed to advise his probation officer of his contact with law enforcement, both in regard to the charges on October 18, 2014 and the charges of April 21, 2015.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there are no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely the Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: May 5, 2015

_____
Dennis L. Howell
United States Magistrate Judge